# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN GAZLAY, | ) |
| Plaintiff, | ) Case No. 2:13-cv-02098-JAD-VCF |
| vs. | ) |
| HON. JESSIE WALSH, *et al.*, | ) **SCREENING ORDER** |
| Defendants. | ) |

This action is a *pro se* civil rights complaint filed by an inmate pursuant to 42 U.S.C. § 1983.

## I. *In Forma Pauperis* Application

This matter has not been properly commenced because plaintiff submitted incomplete financial paperwork. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, plaintiff must attach to his *in forma pauperis* application both an inmate account statement for the past six months and a properly executed financial certificate. Plaintiff has failed to submit a properly executed financial certificate or an inmate account statement for the past six months. Without the complete printout showing daily account activity over the full six-month period, the court is unable to assess whether the current balance on the financial certificate is representative of petitioner's ability to pay. The court is unable to discern, *inter alia*, the regularity and amount of any incoming funds as well as the extent to which petitioner is making discretionary expenditures that instead could be applied to

payment of the filing fee. The application to proceed *in forma pauperis* application is therefore denied.

## II. Screening Standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act of 1995 (PLRA) requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord*, FED. R. CIV. PROC. 12(b)(6).

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The plaintiff must provide more than mere labels and conclusions, and a

2

formulaic recitation of the elements of a cause of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Although allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), all or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

**III.  Screening of the Complaint**

Plaintiff is an inmate incarcerated at the Clark County Detention Center and has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff brings action against Judge Jessie Walsh of the Eighth Judicial District Court for the State of Nevada. Plaintiff alleges that he has been in custody since October 9, 2013, and that Judge Walsh denied him bail. As relief, plaintiff seeks an order directing Judge Walsh to release him on bail.

First, plaintiff may not bring a civil action against Judge Walsh on the basis that she made a ruling denying him bail. Judges are absolutely immune from civil lawsuits for judicial acts taken within the jurisdiction of their courts. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 750 (9th Cir. 2009) (absolute immunity is generally accorded to judges functioning in their official capacities); *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Sadoski v. Mosley*, 435 F.3d 1076,

1079 (9th Cir. 2006); *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1301-02 (9th Cir. 1989); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction.").  In the instant case, plaintiff brings action against Judge Walsh for denying him bail, which is a judicial act taken within the jurisdiction of the Eighth Judicial District Court for the State of Nevada.  Judge Walsh is absolutely immune from plaintiff's civil rights allegations.

Additionally, a civil rights action is not the proper avenue for challenging plaintiff's custody status.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge that could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Because amendment of the complaint would be futile, this action must be dismissed with prejudice.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE.    IT FURTHER IS ORDERED** that the Clerk of the Court **SHALL SEND** plaintiff the following: (1) two copies of an *in forma pauperis* application form for a prisoner, and one copy of the instructions for same, and (2) two copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same.

**IT IS FURTHER ORDERED** that plaintiff may file a habeas corpus petition and *in forma pauperis* application in a new action, but he may not file further documents in this action because this action is dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL ENTER JUDGMENT** accordingly.

**IT IS FURTHER ORDERED** that this Court **CERTIFIES** that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

Dated this 20th day of November, 2013.

_____
UNITED STATES DISTRICT JUDGE